# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO K.C., A CHILD UNDER
EIGHTEEN YEARS OF AGE.

No. 80388

**FILED**

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

KOURTNEY C., A/K/A KOURTNEY G.,
Appellant,
vs.
STATE OF NEVADA DEPARTMENT OF
FAMILY SERVICES; AND K.C., A CHILD
UNDER EIGHTEEN YEARS OF AGE,
Respondents.

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order terminating appellant's parental rights as to the minor child. Seventh Judicial District Court, Lincoln County; Gary Fairman, Judge.[1]

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105(1); *In re Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, we review questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev. 914, 918, 337 P.3d 758, 761 (2014). Substantial evidence is that which "a reasonable person may accept as adequate" to support a conclusion. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 242 (2007). Appellant challenges the district court's decision on five grounds.

---

[1]NRS 432B.5906 provides that an order terminating parental rights entered in an NRS 432B proceeding is appealable. Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

First, appellant argues that the district court abused its discretion by admitting the State of Nevada Department of Family Services (DFS) interim review reports. She asserts that the review hearings are "filled with broad-based accusations and allegations which culminate into both founded and unfounded facts," and while parents may challenge DFS reports at the hearings, the resulting reports do not reflect this or additional progress the parents made.

The proceeding here is distinguishable from *In re JDN*, 128 Nev. 462, 283 P.3d 842 (2012), which was decided before 2018 amendments to NRS Chapters 432B and 128. In *JDN*, we observed that DFS reports from a juvenile court do not "automatically form part of the family division of the district court record," and their admission is subject to the evidence code. 128 Nev. at 470, 283 P.3d at 847. Here, the State filed a termination of parental rights motion under NRS 432B.5901 in the context of the NRS 432B proceedings, not a petition in a separate district court proceeding under NRS Chapter 128. The same judge presided over the NRS 432B matter from the beginning with the exception of one hearing. The reports were already part of the record as the district court considered them in making periodic review and permanency decisions before the State moved for termination. The court also sustained some of appellant's hearsay and foundation-based objections when DFS caseworkers testified about the reports and it considered evidence and testimony that the reports did not reflect the updated status of criminal and domestic violence matters or appellant's progress after her June 29, 2018, arrest and substance abuse treatment plan completion. Under the circumstances, we perceive no abuse of discretion in the court's evidentiary decision warranting reversal. *JDN*,

128 Nev. at 468, 283 P.3d at 846 (observing that this court reviews the admission of evidence for an abuse of discretion).

Second, appellant argues that by granting DFS' motion to change the permanency plan from reunification to termination at the October 2018 interim review hearing, the district court entered a *de facto* order terminating her parental rights without due process. We disagree. DFS recommended changing the permanency goal based on its assessment that appellant did not make meaningful progress on her case plan. DFS reported that it had engaged appellant in services, but she had failed to timely follow through with resources to address substance abuse and mental health issues and comply with safety plan requirements. In opposition, appellant explained that she had been clean and sober since June 30, and had made progress on plan goals since August 7, at which time she entered an inpatient substance abuse treatment program. The court considered appellant's assertions and confidential filings in support but determined that appellant made limited progress despite reasonable efforts by DFS and that during the course of the case, she had not shown sustained adjustment. It also considered the child's permanency needs. It thus adopted DFS's recommendation and ordered that DFS no longer had to make reasonable efforts toward reunification.

On February 2, 2019, DFS moved to terminate appellant's parental rights under NRS 432B.5901. DFS provided notice, and appellant had an opportunity to be heard on the motion, which she opposed. The motion was addressed at an admit/deny hearing in March 2019, and then at an evidentiary hearing beginning on October 1, 2019, at which the district court considered the parties' briefing, oral arguments, and evidence. The district court had not entered a decision on DFS's motion at that point,

and did not do so until it entered the November 21, 2019, order terminating parental rights that is the subject of this appeal. Thus, we are not persuaded that the October 2018 order changing the case plan from reunification to termination was a *de facto* order terminating appellant's parental rights.[2]

Third, appellant challenges the substance of the district court's decision, arguing that the case plan standards were not achievable and time-measurable. We disagree. Appellant failed to timely address her substance abuse problem by inconsistently, and often unsuccessfully, engaging in services. On June 8, 2018, DFS informed appellant she must make extensive movement on her case plan within three months after she failed to comply with a random drug screening order and returned to the child's father's home with the child following a domestic violence incident that resulted in a safety plan prohibiting her from doing so. Appellant thereafter tested positive for morphine and THC. She was arrested on June 29, and while she was released from jail in August and entered a second inpatient substance abuse program, she was discharged from the program on September 13 due to conflicts with other program participants. *See* NRS 126.106(1)(a) (listing considerations in determining a parent's unfitness). Appellant's inability to timely address her substance abuse problems and domestic violence in the home, including violating a safety plan and protective orders, rendered her unfit. NRS 128.018 (defining an "unfit parent" as one "who, by reason of the parent's fault or habit or conduct

---

[2]We are not persuaded by appellant's argument that DFS failed to make reasonable efforts toward reunification. While DFS discontinued reasonable efforts after the October 2018 order allowing it to do so, it still had the burden to prove that termination was in the child's best interest and parental fault, which the district court addressed after DFS's motion.

toward the child . . . fails to provide such child with proper care, guidance and support.").

The district court considered evidence that appellant had been clean and sober since her arrest, had since completed a third inpatient substance abuse treatment program, and continued with outpatient services, which allowed her to maintain employment and suitable housing, but found that appellant had not made the behavior changes necessary for reunification within a reasonable time. The court noted that despite knowing she had to make extensive movement on her plan within three months, appellant violated a second drug testing order, continued using drugs until her arrest, had contact with the father in violation of domestic violence orders, was discharged from a second substance abuse program, and did not demonstrate the necessary changes outlined in her case plan, including eliminating risk of injury to the child, to effect reunification within a foreseeable time. NRS 128.0126 (providing that failure of parental adjustment occurs when a parent is unable or unwilling to substantially correct the circumstances that led to the child's placement outside of the home within a reasonable time); *In re Parental Rights as to Montgomery*, 112 Nev. 719, 729, 917 P.2d 949, 956 (1996) (acknowledging that in considering failure to adjust cases, "[t]he main concern is permanency of adjustment – a child should not be held in limbo indefinitely"), *superseded by statute on other grounds as recognized by In re N.J.*, 116 Nev. at 798-801, 8 P.3d at 131-33.

As substantial evidence supports the district court's findings, we conclude that it properly determined parental fault existed. NRS 128.105(1)(b). We also conclude that substantial evidence supports the district court's finding that termination of parental rights is in the child's

best interest. NRS 128.105(1) ("The primary consideration in any [termination proceeding is] whether the best interests of the child will be served by the termination."). Specifically, the evidence supports that appellant's conduct impacted the child, as the child has attachment issues. *See In re N.J.*, 116 Nev. at 800, 8 P.2d at 132 (explaining that "[t]he impact of parental conduct on the child is . . . one consideration in determining the best interests of the child"). The record also supports that the child has bonded with the foster family, who have cared for her most of her life and wish to adopt her. NRS 128.107 (listing considerations for determining whether to terminate parental rights when the parent does not have physical custody of the child); NRS 128.108 (outlining considerations when the child has been with a foster family that wishes to adopt the child).

Fourth, appellant contends that the district court erred when it denied her motion to stay further proceedings pending an Indian Child Welfare Act (ICWA) determination. In March 2019, after DFS moved to terminate parental rights, appellant stated that her maternal great grandparents were of Cherokee Indian heritage. Only those children who are a member of an Indian tribe, or who are eligible for tribal membership and the biological child of a tribal member, are subject to ICWA's provisions. 25 U.S.C. § 1903(4). As the district court determined, while the child may be eligible for tribal membership if appellant's claim about her great grandparents' heritage is true, appellant did not claim to be a member of a federally recognized tribe herself, and thus the child does not meet the ICWA definition of an Indian child. Accordingly, the district court properly determined that ICWA does not apply to this matter.

Last, appellant asserts and the district court erred by denying her request to stay the hearing based on DFS' failure to send a copy of the

termination motion and notice of the hearing to her relatives who could have participated in the proceedings and sought to adopt the child. Appellant points out that the certificate of service for the motion shows that on September 13, 2019, the State served the motion on appellant and the child's father, but not the child's grandmothers and maternal grandfather.

Substantial evidence supports the district court's finding that DFS complied with NRS 432B.5902(4)(c)'s notice requirements, and while we agree that the notice was procedurally deficient, the deficiency does not warrant reversal under the circumstances. The district court held a conference on September 30, 2019, to address the service and notice issues, at which DFS represented that it had provided notice of the March 8, 2019, admit/deny hearing on the motion to the grandparents. The court ordered DFS to supplement the record with a certificate showing proof of service of the motion and notice of hearing by November 18, 2019. As noted on page 14 of the district court's termination-of-parental-rights order, on November 7, 2019, DFS provided proof that it served the grandparents with notice of the admit/deny hearing by certified mail on February 26, 2019. Although DFS did not provide proof that it served a copy of the motion on the grandparents, the grandparents had notice of the hearing on the motion and did not appear or participate in the hearing.[3] We conclude that the error in

---

[3]While appellant asserts the child has numerous other Nevada relatives DFS did not notify, substantial evidence supports the district court's finding that DFS's search through a LexisNexis database did not reveal any additional relatives for whom notice is required under NRS 432B.5902(4)(c), and at no time before the hearing did appellant disclose that such additional relatives existed. *Parental Rights as to N.J.*, 116 Nev. at 795, 8 P.3d at 129 (providing that this court will uphold the district court's factual findings that are supported by substantial evidence "and will not substitute its own judgment for that of the district court").

service of the motion itself is not reversible. *See Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. 470, 255 P.3d 1275, 1278-79 (2011) (recognizing that substantial compliance may be sufficient when the purpose of a statute's notice requirements is met despite not technically complying with all of the statute's terms). Accordingly, as we perceive no reversible error, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Gary Fairman, District Judge
       Jane M. Eberhardy
       Attorney General/Carson City
       Attorney General/Las Vegas
       Matthew D. Carling
       Lincoln County Clerk